SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6855
Facsimile:  (415) 436-6748

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| FRANCISCO JUAREZ, | ) | No. 07-2591 MMC |
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |
| UNITED STATES OF AMERICA, et al. | ) | |
| Defendants. | ) | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff FRANCISCO JUAREZ and defendant United States of America, (the "United States" or the federal defendant"), as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("this Action") under the terms and conditions set forth herein.

2. The United States agrees to pay One Thousand and Three Hundred and Thirty Six Dollars and no cents ($1,336.00) ("the Settlement Amount") to plaintiff under the terms and conditions set forth herein. Payment will be made by check mailed to plaintiff at his address of record in this Action. Payment will be within a reasonable time after the return of the fully executed settlement agreement.

3. The plaintiff and his heirs, executors, administrators, and assigns agree to accept the Settlement Amount, in full and final settlement and satisfaction of the claims raised in this Action under the terms and conditions set forth herein.

4. It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action, if any, shall not exceed 25 percent of the amount of the compromise settlement.

5. In consideration of payment of the Settlement Amount as set forth above, the plaintiff agrees that he will immediately upon execution of this agreement, sign a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims which have been or could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for the United States and will be filed with the Court upon delivery of the Settlement Amount to plaintiff.

6. In consideration of the payment of the Settlement Amount as set forth above, the plaintiff hereby releases and forever discharges the Federal Defendant, and any and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to this Action, including all claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, any and all current or future claims by plaintiff's children, and any other claim relating to the events from April 1, 2006, or any and all claims that could have been asserted in the Action.

7. In consideration of the payment of the Settlement Amount as set forth above, the plaintiff further agrees that he may not and will not use or rely on the incidents and actions underlying the Complaint in any other administrative proceeding, state court action or federal court action to prove any kind of further or future claim against the United States or its agencies and employees.

SETTLEMENT AGREEMENT,
C07-2591 MMC                                      2

8. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542 and fully understanding the same nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's alleged injury and the liability of the United States, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

9. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the United States or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

10. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

11. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

12. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

1  14. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

15. The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

16. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: October 22, 2007

FRANCISCO JUAREZ
Plaintiff

SCOTT N. SCHOOLS
United States Attorney

Dated: October 19, 2007       By:

JOANN M. SWANSON
Assistant United States Attorney
Attorneys for the United States of America

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated: October 25, 2007

MAXINE M. CHESNEY
United States Magistrate Judge

SETTLEMENT AGREEMENT,
C07-2591 MMC                    4